UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARISE L. JEAN-LOUIS,

                      Plaintiff,

        -against-

COMMUNITY AGENCY FOR SENIOR CITIZENS

                      Defendant.

25-CV-2820 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se*, brings this action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and Section 274B of the Immigration and Nationality Act, 8 U.S.C. § 1324b. By order dated April 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff, who was employed at the Community Agency for Senior Citizens ("CASC"), brings this action asserting a claim of "unlawful termination pursuant to discrimination under Section 274B of the Immigration . . . and Nationality Act (INA)." (ECF 1, at 1.) Plaintiff alleges that from April 1, 2024, to September 3, 2024, she was employed by CASC. (*Id.*) She further alleges that on September 3, 2024, CASC fired her. (*Id.*) She seeks a declaration that CASC's actions violated Title VII of the Civil Rights Act of 1964. (*Id.* at 2.)

## DISCUSSION

**A.    Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint does not comply with Rule 8 because it does not state facts suggesting that Plaintiff is entitled to relief from the Defendant. Plaintiff asserts that CASC violated Title VII of the Civil Rights Act and Section 1324b of the INA, but she does not allege any facts in support of this assertion. Accordingly, the Court grants Plaintiff leave to file an amended complaint to state facts in support of her claim under Title VII. For the reasons set forth below, the Court dismisses her claims under Section 1324b, without prejudice.

**B.    Title VII of the Civil Rights Act**

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statute. *Id.* § 2000e-3(a).

This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at

work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against h[er], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id*. at 87.

The facts alleged in Plaintiff's pleading do not give rise to an inference that Defendant discriminated against her because of a protected characteristic. Although Plaintiff invokes Title VII, she does not allege any facts suggesting that she was discriminated against on the basis of a characteristic protected by that statute (race, color, religion, sex, or national origin). Accordingly, the Court grants her leave to amend her pleading to state a claim under Title VII.

C.     **Section 1324b of the INA**

Plaintiff also alleges that Defendant violated Section 274B of the INA, 8 U.S.C. § 1324b. This Court, however, does not have jurisdiction of such a claim. *See Shah v. Wilco Sys.*, Inc., 126 F. Supp. 2d 641, 648 (S.D.N.Y. 2000) (noting that "[n]othing . . . [in Section 1324b] indicates that Congress intended to provide a private right of action in federal court to enforce violations of [that section]"); *United States v. Richard Dattner Architects*, 972 F. Supp. 738, 747 (S.D.N.Y. 1997) (noting that 8 U.S.C. § 1324(b) appears "to provide for a purely administrative review of [such] claims, with provision for appeal of any order to the Court of Appeals"). Rather, an

employee who believes that her employer violated Section 1324b must file a claim with the Office of Special Counsel for Immigration-Related Unfair Employment Practices.[2]

Accordingly, as this Court is not the proper forum to litigate Plaintiff's claims under Section 1324b, the Court dismisses this claim without prejudice to Plaintiff's seeking relief in the Office of Special Counsel for Immigration-Related Unfair Employment Practices.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to file an amended complaint to assert her Title VII claim.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against Defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff

---

[2] The administrative mechanism for filing a claim under Section 1324b is as follows. First, "an administrative law judge shall have power to issue and cause to be served upon such person or entity a copy of the complaint and a notice of hearing before the judge at a place therein fixed, not less than five days after the serving of the complaint." 8 U.S.C. § 1324b(e)(1). Second, after a final order has been entered, a petitioner can "seek a review of such order in the United States court of appeals for the circuit in which the violation is alleged to have occurred or in which the employer resides or transacts business." *Id.* § 1324b(i)(1).

wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case.[3] To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in

---

[3] The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

6

Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-2820 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order.

No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   September 16, 2025
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.